**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

NYEISHA S. GHEE and LISA Y. CAMPBELL,
ADMINISTRATORS OF THE ESTATE OF
MARK KAHLIL GHEE, DECEASED,

      Plaintiffs,

v.                                     Civil Action No.: 3:26-cv-159-RCY

PINETREE APARTMENTS, LLC, *et al.,*

      Defendants.

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO REMAND
AS TO DEFENDANT PESTNOW OF CENTRAL VIRGINIA, LLC**

**I.   INTRODUCTION**

Two weeks ago, the Fourth Circuit issued its decision in *Skidmore v. Schinke*, No. 25-1436, 2026 U.S. App. LEXIS 9129 (4th Cir. Mar. 30, 2026), emphatically reaffirming that fraudulent joinder requires it to be *impossible*—not merely unlikely or weak—for a plaintiff to prevail against a nondiverse defendant. *Id.* at *9-10. As the Fourth Circuit explained, a claim "might not be strong. It might even be the legal equivalent of a half-court shot. But as anybody who's watched enough basketball knows, half-court shots sometimes go in. Improbable? Yes. Impossible? No." *Id.* at *10-11. And a district court "shouldn't wrestle with thorny state-law questions, nor should it otherwise 'delv[e] too far into the merits.'" *Id.* at *7-8. Under *Skidmore*, Plaintiffs' claims against PestNow are far stronger than the "half-court shot" that *Skidmore* holds sufficient to defeat fraudulent joinder.  Remand is required.

Rather than opposing Plaintiffs' Motion to Remand, Defendant PestNow of Central Virginia, LLC ("PestNow") filed a "Notice of Consent to Removal" (ECF No. 23).[1] That filing is not an opposition to the Motion to Remand. It is a procedural statement that PestNow agrees the case belongs in federal court—but "belonging in federal court" is not self-executing. The question before this Court is whether PestNow is fraudulently joined, and that burden falls on the removing party to establish by clear and convincing evidence. PestNow has not attempted to carry it. PestNow's Notice does two things: (1) states that PestNow "maintains its consent for removal," and (2) purports to incorporate by reference the Beachwold Defendants' Opposition (ECF No. 22) "[t]o the extent necessary." ECF No. 23 at 1. Neither is sufficient. A notice of consent to removal is not a substitute for a brief opposing remand. And wholesale incorporation of a co-defendant's brief does not address the fraudulent joinder question as it applies to PestNow. Because PestNow has offered nothing to satisfy its burden, the Motion to Remand should be granted as to PestNow on that basis alone. Even if the Court reaches the merits, remand is warranted under *Skidmore*.

## II. ARGUMENT

### A. PestNow's Notice of Consent to Removal Is Not an Opposition to the Motion to Remand.

A notice of consent to removal confirms that a defendant does not oppose the initial act of removing a case to federal court under 28 U.S.C. § 1446(b)(2)(A). It is a procedural predicate to removal—not a merits response to the distinct question of whether removal was proper.[2] Having filed a notice rather than a brief, PestNow has not responded to the Motion to Remand at all.

---

[1] PestNow's Notice was filed on April 7, 2026, after the fourteen-day response period had run. *See* Local Civ. R. 7(F)(1). Plaintiffs do not object to its late filing.

[2] A "consent to removal" is a procedural statement confirming that a defendant does not oppose the initial act of removal under 28 U.S.C. § 1446(b)(2)(A). It is not a response to a motion to remand, which raises the separate and subsequent question whether removal was proper. *See*

Under Local Civil Rule 7(F)(1), a party opposing a motion must file a "response brief" within fourteen days after service. The deadline was April 10, 2026. PestNow filed no brief. A notice is not a brief, and PestNow's expression of a desire to remain in federal court does not come close to satisfying the burden of establishing fraudulent joinder. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (burden of proving fraudulent joinder rests on removing party). By declining to file an opposition brief, PestNow has conceded that it cannot carry that burden.

**B.    Incorporation of the Beachwold Brief Does Not Address the PestNow Fraudulent-Joinder Question.**

PestNow appends to its Notice a one-sentence incorporation of the Beachwold Defendants' Opposition "[t]o the extent necessary." ECF No. 23 at 1. That maneuver does not save PestNow's non-response for two reasons.

First, as a procedural matter, Local Rule 7(F)(1) requires each opposing party to file its own response brief. One defendant's brief cannot substitute for another's. PestNow made no motion to join in the Beachwold brief and filed no brief of its own. PestNow has identified no authority permitting wholesale incorporation of a co-defendant's opposition in lieu of an independent response. *Cf. Medtronic, Inc. v. Teleflex Life Sciences Ltd.*, 86 F.4th 902 (Fed. Cir. 2023) (rejecting incorporation by reference as circumvention of briefing limits).

Second, and more fundamentally, the Beachwold brief does not address the fraudulent joinder question as applied to PestNow.[3] The fraudulent joinder inquiry is defendant-specific: the

---

*Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (fraudulent joinder is assessed at the time of removal and bears on the remand inquiry, not on the initial consent to remove).

[3] Even if incorporation by reference were permissible, the Beachwold brief does not address the fraudulent joinder question as applied specifically to PestNow. ECF No. 22 discusses PestNow's liability only briefly, in sections addressing the Individual Employees and the source-of-duty rule. Neither section engages with *Kaltman*'s common-law duty, the negligence per se theories under Va. Code §§ 3.2-3930(A) and 3.2-3939(B), or the § 324A assumed-duty analysis that Plaintiffs' opening brief presents as grounds for remand. *See* ECF No. 13 at 12-22.

3

Court must determine, for each allegedly fraudulent defendant, whether there is *any* possibility that Plaintiffs could prevail against that defendant in state court. *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). The Beachwold brief principally focuses on the Beachwold Maintenance Employees' nonfeasance/misfeasance question and the source-of-duty rule as applied to those employees. It does not engage with the four independent theories on which Plaintiffs' claims against PestNow rest—the common-law duty of care recognized in *Kaltman*, negligence per se under Virginia Code §§ 3.2-3930(A) and 3.2-3939(B), and an assumed duty under Restatement (Second) of Torts § 324A. The questions are distinct, and no answer to one is an answer to the other.

## C.     Remand Is Also Warranted on the Merits.

Even if the Court considers the merits, the result is the same. As set forth above, *Skidmore* requires that it be *impossible*—not merely unlikely or weak—for a plaintiff to prevail. 2026 U.S. App. LEXIS 9129, at *9-10. Plaintiffs' claims against PestNow clear that bar with room to spare.

Plaintiffs' claims against PestNow rest on four independent legal theories. First, PestNow owed a duty to Ms. Ghee as a member of the class of persons foreseeably endangered by its negligent application of termiticide. *RGR, LLC v. Settle*, 288 Va. 260, 276 (2014); *Quisenberry v. Huntington Ingalls, Inc.*, 296 Va. 233 (2018).[4] As an occupant of Building G, Ms. Ghee was

---

[4] PestNow has conceded that it owes Ms. Ghee a duty to use ordinary care to avoid injuring her. At page 2 of its Reply to Plaintiffs' Opposition to PestNow's Motion to Dismiss (ECF No. 18), PestNow wrote:

> In Virginia, negligence is based on the principle that whenever one person is by circumstances placed in such a position with regard to another . . . that if he did not use ordinary care and skill in his own conduct with regard to those circumstances, he would cause danger of injury to the person or the property of the other, a duty arises to use ordinary care and skill to avoid such injury.
> *RGR, LLC v. Settle*, 288 Va. 260, 276 (2014) (citations omitted).

squarely within that protected class. Second, PestNow's defective multi-year application of termiticide is misfeasance under *Kaltman v. All American Pest Control, Inc.*, 281 Va. 483, 490-93 (2011), which establishes that pest contractors owe a common-law duty of care to persons in the treated area. Third, PestNow's application of pesticide inconsistently with its label constitutes negligence per se under Virginia Code §§ 3.2-3930(A) and 3.2-3939(B), and its use of uncertified technicians to apply termiticide independently violates Virginia Code § 3.2-3932. Fourth, PestNow's multi-year, complex-wide termite control program plausibly assumed the landlord's duty to tenants under Restatement (Second) of Torts § 324A, as recognized in *Burns v. Gagnon*, 283 Va. 657, 672 (2012), coupled with Restatement (Second) of Torts § 361 (duty of landlord to use reasonable care to eliminate a dangerous condition upon that part of the land retained in the landlord's control). Moreover, because Ms. Ghee had no contractual relationship with PestNow, the source-of-duty rule is inapplicable and ordinary tort principles govern. Each theory independently supports a colorable claim. PestNow has not addressed any of them. Under *Skidmore*, that alone ends the inquiry: the court "shouldn't wrestle with thorny state-law questions" when the removing party has not carried its burden. 2026 U.S. App. LEXIS 9129, at *7-8.

### III.  CONCLUSION

PestNow chose not to oppose the Motion to Remand. Instead, it filed a notice—a procedural statement that does not address, let alone satisfy, the burden of establishing fraudulent joinder. Incorporation of the Beachwold Defendants' brief by a single sentence in a notice does not cure that deficiency, because that brief does not address the fraudulent joinder question as applied to PestNow. The Motion to Remand should be granted as to PestNow—and as to all Defendants—and this action should be remanded to the Circuit Court of the City of Petersburg.

Respectfully submitted,

NYEISHA S. GHEE and LISA Y. CAMPBELL,
ADMINISTRATORS OF THE ESTATE OF
MARK KAHLIL GHEE, DECEASED,

Plaintiffs,


By: /s/ Mark J. Krudys
        Counsel

Mark J. Krudys (VSB No. 30718)
Danny Zemel (VSB No. 95073)
THE KRUDYS LAW FIRM, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, Virginia 23219
Telephone: (804) 774-7950
mkrudys@krudys.com
dzemel@krudys.com

Charles H Cuthbert, Jr. (VSB No. 14519)
Richard M. Cuthbert (VSB No. 82025)
CUTHBERT LAW OFFICES, P.C.
220 North Sycamore Street
Petersburg, Virginia 23803-3228
Telephone: (804) 733-3100
ccuthbert@cuthbertlaw.com
rcuthbert@cuthbertlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of April, 2026, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

By: /s/ Mark J. Krudys
Mark J. Krudys (VSB No. 30718)
THE KRUDYS LAW FIRM, PLC
Truist Place
919 East Main Street, Suite 2020
Richmond, Virginia 23219
Telephone: (804) 774-7950
mkrudys@krudys.com
*Counsel for Plaintiffs*

7